IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM E. JOHNSON #493576 | § | |
| | § | |
| V. | § | A-17-CA-573-SS |
| | § | |
| DAVID GUTIERREZ, JOANIE | § | |
| WHITE, MANAGEMENT & | § | |
| TRAINING CORP., TROY FOX, and | § | |
| ED ROBERTSON | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff's complaint, "Emergency Request for Writ of Injunction and Release from Illegal Detention," "Motion to Amend His 42 U.S.C. § 1983 Filing and to Amend Writ of Injunction Release Filed Pursuant to the Federal Bail Reform Act of 1966," Request for Judicial Notice of Federal Count Mandate Violation and Request for Federal Special Masters Intervention," and "Memorandum in Support of Writ of Injunction and Release." Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

1

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the West Texas ISF. He was subsequently transferred to the J. Rudd ISF.

Plaintiff is currently serving a 25-year sentence out of Williamson County for aggravated sexual assault committed on July 1, 1987. Plaintiff argues his sentence expired on August 2, 2013, and he is being confined illegally. He seeks his immediate release and monetary damages.

DISCUSSION AND ANALYSIS

A.      Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.  Heck v. Humphrey

Insofar as Plaintiff is seeking monetary damages for his alleged illegal confinement, Plaintiff's claims must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction or sentence has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite. Accordingly, Plaintiff's claims for monetary damages regarding his alleged illegal confinement should be dismissed without prejudice to refile once the conditions of Heck are met.[1]

D.  Habeas Claims

To the extent Plaintiff seeks his immediate release, he must seek such relief in an application for habeas corpus relief. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). The Court declines to construe this action as a request for habeas corpus relief. The Fifth Circuit previously denied Plaintiff leave to file a successive

---

[1] The Court notes Plaintiff previously challenged the calculation of his sentence in a civil rights complaint filed in Cause No. A-14-CV-734-SS. The Court explained in that case that Plaintiff's claims were barred by Heck.

3

habeas petition challenging the calculation of his sentence. See In re: Johnson, No. 14-51231 (5th Cir. Feb. 23, 2015). Until the Fifth Circuit grants such permission, this Court is without jurisdiction over Plaintiff's claims seeking habeas corpus relief. See United States v. Fulton, 780 F.3d 683 (5th Cir. 2015) (holding the district court does not have jurisdiction to consider a successive § 2255 motion and remanding to the district court with instructions to dismiss the successive motion for want of jurisdiction).

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims seeking monetary damages be dismissed without prejudice to refile once the conditions of Heck are met pursuant to 28 U.S.C. § 1915(e). Until the conditions of Heck are met, Plaintiff's claims are frivolous. It is further recommended that Plaintiff's claims seeking habeas corpus relief be dismissed without prejudice to refiling after Plaintiff is granted permission from the Fifth Circuit Court of Appeals to file a successive habeas petition. Any pending motions should be dismissed as moot.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order

of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)©. Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on June 16, 2017.

 _____
 MARK LANE
 UNITED STATES MAGISTRATE JUDGE